IN THE UNITED STATES COURT OF FEDERAL CLAIMS

INTERNATIONAL PROTECTIVE SERVICES, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 03-2824C

(Judge Yock)

JOINT PRELIMINARY STATUS REPORT

Pursuant to the Appendix A of the Rules of the Court of Federal Claims (“RCFC”), plaintiff, International Protective Services, Inc. ("International"), and the defendant, the United States, respectfully submit this Joint Preliminary Status Report (“JPSR”).

**4.A. Does the court have jurisdiction over the action?**

The parties are not presently aware of anything that would prohibit the Court from exercising jurisdiction over matters alleged in the complaint pursuant to section 609 of the Contract Disputes Act, 41 U.S.C. § 601, et seq. ("CDA"), and the Tucker Act, 28 U.S.C. § 1491(a).

**B. Should the case be consolidated with any other case and the reasons therefore?**

No.

**C. Should trial of liability and damages be bifurcated, and the reasons therefore?**

No.

**D. Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefore?**

No.

**E. In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefore and the proposed duration?**

No.

**F. Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?**

No.

**G. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56, and, if so, a schedule for the intended filing?**

No.

**H. What are the relevant issues?**

The parties respectfully submit the following separate statements of relevant factual and legal issues.

Statement by International

1. Why did the government terminate the contract?

2. Why did the government terminate the contract by Cancellation Clause 552.0238-73 as opposed to terminating the contract for convenience?

3. Was the reason for termination justified?

4. Should the government be liable to pay for costs of training, CPR and travel, uniforms and equipment, accruals for employee sick pay, vacation, bereavement, and for past due invoices for services rendered and past due invoices for uniforms?

5. Was it legally permissible for the government to terminate this contract through the use of the Cancellation Clause 552.0238-73 at the time of cancellation?

6. Did the termination constitute a termination for convenience, constructively or otherwise, such that International is entitled to recover the monetary relief requested in the certified claim attached as Exhibit A to the complaint?

7. Notwithstanding the termination, are there legal and/or equitable grounds which entitle International to the monetary relief requested in the certified claim attached as Exhibit A to the complaint?

8. Whether the government breached the contract?

9. Whether the government breached its agreement with

International by failing to pay for the items set forth in the certified claim attached as Exhibit A to the complaint?

10. Whether the government breached the contract by terminating the agreement, effective October 18, 2002, during the pendency of a legal dispute with the State of New York which was not finally resolved by settlement until January 14, 2003 and filed in February 2003?

11. Whether the actions of the government in respect to the termination of the contract constitute bad faith?

12. Whether the government breached the obligation of good faith and fair dealing in canceling the contract?

13. Whether the government acted arbitrarily and capriciously in making determinations with respect to a requested novation, the cancellation of the contract, and responsibility?

Plaintiff reserves the right to amend or add to the issues stated herein.

Statement by the United States

The cancellation clause in the contract provides:

> Either party may cancel this contract in whole or in part by providing written notice. The cancellation will take effect 30 calendar days after the other party receives the notice of cancellation. If the Contractor elects to cancel this contract, the Government will not reimburse the minimum guarantee.

Standard clause 552.238-73.

Factual Issues

1. When did International receive the letter, dated September 19, 2002, cancelling the contract?

2. What was the minimum guarantee under the contract?

Legal Issues

1. On what date did the 30 day notice period expire?

2. Is International entitled to be paid the minimum guarantee?

3. Can there be any implied-in-fact contract where there is an express contract addressing the same subject matter?

**I. What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

Settlement is unlikely. Settlement negotiations have occurred, but are not active at the present time. The parties do not agree to seek alternative dispute resolution proceedings.

**J. Do the parties anticipate proceeding to trial? Does any party or do the parties jointly request expedited trial scheduling?**

Trial is likely. The parties agree that expedited trial scheduling would not be in the interests of justice or judicial economy.

**K. Are There Special Issues Regarding Electronic Case Management Needs?**

No.

**L. Is there any other information of which the court should**

**be aware at this time?**

The United States intends to seek an audit by the Defense Contract Audit Agency. It is expected to take a substantial period of time to arrange and to complete such an audit.

**5. Proposed Discovery Plan**

1. Fact discovery should be completed by June 30, 2005. All requests pursuant to RCFC 31, 33, 34 and 36 served after May 31, 2005 shall be deemed untimely.

2. The party with the burden of proof regarding an issue shall disclose its testifying experts, the information required by RCFC 26(a)(2), and all expert reports by July 29, 2005.

3. All rebuttal experts, required information, and expert reports shall be disclosed by September 15, 2005.

4. All expert discovery shall be completed by October 31, 2005.

5. Summary judgment motions, if any, shall be filed by November 30, 2005.

6. A status conference shall be held on or about December 15, 2005 to discuss the status of the case, and to establish any necessary pretrial schedule.

Respectfully submitted,

S/ Michael I. Froch
MICHAEL I. FROCH
6420 Wilshire Boulevard
19th Floor
Los Angeles, CA 90048
Tel: (310) 914-0070

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

Fax: (323) 330-1390

Attorney for Plaintiff

S/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W.
Washington, D.C. 20530
Tele: (202) 307-6289
Fax: (202) 514-7969

June 16, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on June 16, 2004, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier