IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INTERNATIONAL PROTECTIVE SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 03-2824C |
| THE UNITED STATES, | ) | (Judge Lettow) |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE
TO FILE AN ADDITIONAL TEN INTERROGATORIES

Defendant, the United States, respectfully requests leave to file up to an additional ten interrogatories.

The Court's permission is needed before we may serve our fourth set of interrogatories because the United States served 25 interrogatories before plaintiff, International Protective Services, Inc. ("International"), announced its intention to change its claim and to amend its complaint. See RCFC 33 (only 25 interrogatories may be served without leave of court).

Our proposed fourth set of interrogatories contains only five interrogatories. By this motion, we are also seeking leave to serve up to an additional five interrogatories in the future, as needed.

Our motion is supported by the interests of justice and judicial economy. International apparently has altered the claims that it intends to make at trial. Our additional interrogatories will help focus upon the nature of the new claims, and will plainly record those claims that have been abandoned or reduced.

Our motion is also supported by fairness. We have voluntarily taken a conservative approach to discovery. We have not sought to impose onerous discovery obligations. And our current proposed requests continue this conservative approach. Pursuant to RCFC 33(a) and RCFC 26(b), our conservative approach further supports our motion for leave.

I. <u>The United States Has Carefully Tailored Its Interrogatories</u>

The United States has taken a conservative approach to discovery by interrogatory. For example, the United States has voluntarily limited its open-ended requests for information by merely seeking answers set forth in "reasonable detail." A3,9.[1] For another example, the United States has often requested very specific information that does not require elaborate explication. <u>E.g.</u>, A2,4,10,14,15 (names); A5,11 (locations); A7 (specific contract provisions); A8 (yes or no question).

Moreover, the United States has propounded its interrogatories by an iterative process. In the first set, the United States made a number of specific requests intended to elicit the meaning of significant but vague phrases or calculations in the International claim or complaint. <u>E.g.</u>, A7-13,17. In the second set, the United States sought clarification

[1] "A" refers to the hand-written page of the appendix filed with this motion. Please note that page numbers do not match the interrogatory numbers.

about some of the answers provided in the response to our first set. E.g., A25-27. The United States also sought accounting information that was not clear to us from the claim, the complaint or the response to our first set of interrogatories. E.g., A22-23. Our third set of interrogatories was a single interrogatory seeking information about any failure to admit the facts identified in our request for admissions. A32.

In general, our discovery was necessary and appropriate because the nature of the claim, and supporting calculations, was not apparent upon the face of the claim or the complaint.

For example, the cancellation clause provides that either party may terminate the contract at will upon 30 days notice. In light of the mutual rights and limited obligations in the cancellation clause, what breach did International discern in the decision of the United States to give International 30 days notice that it intended to cancel the contract?

For another example, we were never able to match the number of employees on certain lists with the number of employees that International claimed to have trained. Thus, we inquired about this matter and other accounting issues that were unclear.

In summary, our interrogatories were necessary and not unduly burdensome.

## II. Additional Interrogatories Are Needed

In our proposed fourth set of interrogatories, we set forth

the following requests for information:

> 26. Identify each element of your current claim for damages in this case, and identify the dollar amount sought for each such element.
>
> 27. With respect to each element of damages identified in response to our Interrogatory No. 26, state in reasonable detail how the dollar amount was calculated.
>
> 28. Identify any element of damages sought in the Complaint that has been abandoned or reduced in the sum of damages now sought.
>
> 29. With respect to each element identified in response to our Interrogatory No. 28, identify the dollar amount of the change from the amount sought in the Complaint.
>
> 35. Identify any statements in your response to our Interrogatories Nos. 1-25 that you now contend are inaccurate, and identify the date by which you will supplement your earlier responses.

Each interrogatory is needed.

Interrogatory Nos. 26 and 27 are needed to map the contours of the new International claim. Interrogatory Nos. 28 and 29 are needed to clearly determine what claims may have been abandoned. This is particularly necessary because we earlier expressed concern to International that some unsupported statements and calculations appeared to be unsupportable, and might be considered false. Interrogatory No. 30 is important in order to determine whether International continues to rely upon the contentions set forth in response to our earlier discovery. We reasonably expect that International may disavow certain earlier,

sworn statements -- particularly in light of the review of company records performed by International's accounting consultant.

In addition, we are very likely to need an additional five interrogatories. With all due respect, International has had some difficulty in articulating its legal theory and in supporting its damages calculations. We reasonably believe that a small number of additional interrogatories may be helpful in prodding International to concisely articulate the nature of its claims and calculations of damages.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

May 8, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on May 8, 2007, a copy of the foregoing "DEFENDANT'S MOTION FOR LEAVE TO FILE AN ADDITIONAL TEN INTERROGATORIES", and the attached appendix, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier