# APPENDIX

INDEX TO APPENDIX

Defendant's First Set Of Interrogatories . . . . . . . . . . . . 1

Defendant's Second Set Of Interrogatories . . . . . . . . . . . 20

Defendant's Third Set Of Interrogatories . . . . . . . . . . . 31

Proposed Defendant's Fourth Set Of Interrogatories . . . . . . 35

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

INTERNATIONAL PROTECTIVE SERVICES, INC., )
)
Plaintiff, )
)
v. ) No. 03-2824C
)
THE UNITED STATES, ) (Judge Yock)
)
Defendant. )

DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to RCFC 33, defendant, the United States, requests that plaintiff, International Protective Services, Inc. ("International"), respond to the following interrogatories.

For the purposes of these interrogatories, "Complaint" means the complaint filed by International in this action on December 17, 2003. "Contract" means contract no. GS-07F-0195M, dated February 22, 2002, between the plaintiff and the United States, as amended. "Master Task Order" means task order no. GS02P02CID0001, dated February 28, 2002, issued pursuant to the Contract. "Certified Claim" means the claim, dated June 23, 2003, submitted by International to Sheila Brannan, contracting officer, United States General Services Administration.

INTERROGATORY NO. 1:

Identify all witnesses who have knowledge of the matters alleged in the Complaint, and whom International either intends to consult during the course of this litigation, or intends to call as a witness at trial.

RESPONSE:

INTERROGATORY NO. 2:

For each witness that International may call as a witness at trial, state, in reasonable detail, the expected testimony of each such witness.

RESPONSE:

INTERROGATORY NO. 3:

Identify all experts who may testify at trial for International, and the nature of each expert's expected testimony.

RESPONSE:

INTERROGATORY NO. 4:

Paragraph 8 of the Complaint reads, in part:

> The CONTRACT required ISI, *inter alia*, to perform the agreement at various locations within the State of New York.

Identify each location referenced in paragraph 8 of the Complaint.

RESPONSE:

INTERROGATORY NO. 5:

Paragraph 8 of the Complaint reads, in part:

> The CONTRACT required ISI, *inter alia*, to perform the agreement at various locations within the State of New York.

For each location identified in response to our Interrogatory No. 4, identify the relevant "agreement" referenced in paragraph 8 of the Complaint.

RESPONSE:

INTERROGATORY NO. 6:

Paragraph 11 of the Complaint reads:

> The abrupt termination of the CONTRACT after approximately seven and one-half months of performance was unjustified.

Identify each specific Contract provision, if any, that International contends was breached by the United States in connection with the termination of the Contract.

RESPONSE:

INTERROGATORY NO. 7:

The Certified Claim (attached as Exhibit A to this first set of interrogatories) states, in part:

> This letter is partially in response to your letter of September 19, 2002, wherein you, on behalf of GSA, exercised GSA's right of cancellation pursuant to Clause 552.0238-73 under Contract Number GS-07F-0195M (the "Contract").
>
> While International Services, Inc., (ISI), as the contractor may not be in a position to challenge the cancellation, ISI did incur substantial start-up costs in preparing to undertake its duties and responsibilities under the Contract.

Does International contend that the United States violated Clause 552.0238-73 of the Contract when the United States cancelled the Contract?

RESPONSE:

INTERROGATORY NO. 8:

The Certified Claim (attached as Exhibit A to this first set of interrogatories) states, in part:

> GSA cannot in "good faith and fair dealing" cancel the Contract and expect the contractor to bear the start-up costs when the Contractor was only on Contract for 7 ½ months out of a total of five years for which the Contract was suppose to run.

Identify, in reasonable detail, what obligation of "good faith and fair dealing" that International alleges was breached by the United States.

RESPONSE:

INTERROGATORY NO. 9:

The Certified Claim (attached as Exhibit A to this first set of interrogatories) states, in part:

> ISI is seeking reimbursement for various start-up costs incurred in undertaking Contract Number GS-07F-0195M. These costs are set out as follows:
>
> . . . Training $751,032.79.

With regard to the training costs referenced in the Certified Claim, identify each person trained.

RESPONSE:

INTERROGATORY NO. 10:

With regard to each person identified in response to our Interrogatory No. 9, identify the location and date of the training.

RESPONSE:



11

INTERROGATORY NO. 11:

The Certified Claim (attached as Exhibit A to this first set of interrogatories) states, in part:

> ISI is seeking reimbursement for various start-up costs incurred in undertaking Contract Number GS-07F-0195M. These costs are set out as follows:
>
> . . . Uniforms and Equipment $533,942.95.

With regard to the uniforms and equipment costs identified, identify the current location of each uniform and item of equipment.

RESPONSE:



12

INTERROGATORY NO. 12:

The Certified Claim (attached as Exhibit A to this first set of interrogatories) states, in part:

> ISI is seeking reimbursement for various start-up costs incurred in undertaking Contract Number GS-07F-0195M. These costs are set out as follows:
>
> . . . Outstanding Invoices $199,833.08
> Old Contract Invoice for Uniforms $ 29,710.56

Identify each invoice referenced, and with regard to each such invoice state whether the United States has paid the invoice in whole or in part.

RESPONSE:

INTERROGATORY NO. 13:

Identify all current officers and directors of International.

RESPONSE:

INTERROGATORY NO. 14:

Identify all shareholders of International.

RESPONSE:



rs

INTERROGATORY NO. 15:

Identify all corporate affiliates of International, and state how the corporations are related.

RESPONSE:

INTERROGATORY NO. 16:

Paragraph 10 of the Complaint states, in relevant part:

> In or about August of 2002, following approximately seven and one half months of performance, ISI reasonably requested a novation of the CONTRACT.

State why International sought the novation referenced in paragraph 10 of the Complaint.

RESPONSE:

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

DEBORAH A. BYNUM
Assistant Director

JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-307-6289
Fax: 202-514-6979

April __, 2004 Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this ____ day of April 2004, I caused to be placed in the United States mail (first-class mail, postage prepaid) copies of "DEFENDANT'S FIRST SET OF INTERROGATORIES" addressed as follows:

Michael I. Froch
6420 Wilshire Boulevard
19th Floor
Los Angeles, CA 90048

______________________________