# EXHIBIT 16

**Darlene Ignacio**

| | |
|---|---|
| **From:** | Darlene Igna[redacted]isi.com] |
| **ent:** | Tuesday, A[redacted]0:57 AM |
| **o:** | Sheila Brannan |
| **c:** | Sam Karawia |
| **Subject:** | FW: Novation Agreement |
| **Importance:** | [redacted] |

082302Novation AGMT.pdf

Dea[redacted]
Please find attached Novation documents from Mr. Sam Karawia. Your prom[redacted]e would be greatly appreciated.

Originals to be overnighted to you.

Do not hesitate to contact me if I may be of further assistance.

Thank you,
Darlene Ignacio
Administrative Assistant
International Services, Inc.
Ph: 310-791-5015 x104

-----Original Message-----
From: Darlene Ignacio [mailto:dignacio@wwisi.com]
ent: Friday, August 23, 2002 12:25 PM
o: Teresa Hill
c: Sam Karawia
ubject: Novation Agreement
Importance: High

Dear Teresa,
Please find attached information and documents for Novation. Please expedite as much[redacted] possible. Our goal [redacted]2.

Do not hesitate to contact me if I may be of further ass[redacted]tance.

Thank you,
Darlene Ignacio
Administrative Assistant
International Services, Inc.
Ph: 310-791-5015 x104

**FedEx Express** *USA Airbill*

FedEx Tracking Number 8_36 9607 7762

Sender's Copy

**1 From** *Please print and press hard.*

Date 7-27-02 Sender's FedEx Account Number 1495-6491-8

Sender's Name Darlene Ignacio for Sam Karawia Phone (310) 791-5015

Company INTERNATIONAL SVC INC

Address 3771 W 242ND ST FL 2

Dept./Floor/Suite/Room

City TORRANCE State CA ZIP 90505

**2 Your Internal Billing Reference** First 24 characters will appear on invoice.

**3 To** Recipient's Name Sheila Brannan Phone (817) 978-8421

Company GSA, General Products Center

Address Industrial Products Contracting Division (7FXPI-E5)

To "HOLD" at FedEx location, print FedEx address. We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address 819 Taylor Street, Room 6A24

Dept./Floor/Suite/Room

City Fort Worth State TX ZIP 76102-6114

Try online shipping at fedex.com

By using this Airbill you agree to the service conditions on the back of this Airbill and in our current Service Guide, including terms that limit our liability.

**Questions? Visit our Web site at fedex.com**
or call 1.800.Go.FedEx® 800.463.3339.

0217170167

**4a Express Package Service** *Packages up to 150 lbs.* Delivery commitment may be later in some areas.

- [X] FedEx Priority Overnight — Next business morning
- [ ] FedEx Standard Overnight — Next business afternoon
- [ ] FedEx First Overnight — Earliest next business morning delivery to select locations
- [ ] FedEx 2Day — Second business day
- [ ] FedEx Express Saver — Third business day

FedEx Envelope rate not available. Minimum charge: One-pound rate

**4b Express Freight Service** *Packages over 150 lbs.* Delivery commitment may be later in some areas.

- [ ] FedEx 1Day Freight* — Next business day
- [ ] FedEx 2Day Freight — Second business day
- [ ] FedEx 3Day Freight — Third business day

* Call for Confirmation:

**5 Packaging** * Declared value limit $500

- [X] FedEx Envelope*
- [ ] FedEx Pak* — Includes FedEx Small Pak, FedEx Large Pak, and FedEx Sturdy Pak
- [ ] Other

**6 Special Handling** Include FedEx address in Section 3.

- [ ] SATURDAY Delivery — Available ONLY for FedEx Priority Overnight and FedEx 2Day to select ZIP codes
- [ ] HOLD Weekday at FedEx Location — NOT Available for FedEx First Overnight
- [ ] HOLD Saturday at FedEx Location — Available ONLY for FedEx Priority Overnight and FedEx 2Day to select locations

Does this shipment contain dangerous goods? One box must be checked.

- [ ] No
- [ ] Yes — As per attached Shipper's Declaration
- [ ] Yes — Shipper's Declaration not required
- [ ] Dry Ice — Dry Ice, 9, UN 1845 ____ x ____ kg

Dangerous Goods (including Dry Ice) cannot be shipped in FedEx packaging. [ ] Cargo Aircraft Only

**7 Payment** *Bill to:* Enter FedEx Acct. No. or Credit Card No. below.

- [X] Sender — Acct. No. in Section 1 will be billed.
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

FedEx Acct. No. / Credit Card No. Exp. Date

Total Packages | Total Weight | Total Declared Value† $ .00

†Our liability is limited to $100 unless you declare a higher value. See back for details. FedEx Use Only

**8 Release Signature** *Sign to authorize delivery without obtaining signature.*

By signing you authorize us to deliver this shipment without obtaining a signature and agree to indemnify and hold us harmless from any resulting claims.

447

SRF • Rev. Date 10/01 • Part #157610S • ©1994–2001 FedEx • PRINTED IN U.S.A.

2951

# EXHIBIT 17

717 DOS 02

STATE OF NEW YORK
DEPARTMENT OF STATE
OFFICE OF ADMINISTRATIVE HEARINGS
-------------------------------------X

In the Matter of the Complaint of

**DEPARTMENT OF STATE**
**DIVISION OF LICENSING SERVICES,**

Complainant,

-against-

**INTERNATIONAL SECURITY SERVICES & INVESTIGATIONS, INC. and WILLIAM PEDRICK,**

Respondents.

-------------------------------------X

**DECISION**

got last page showing effective Oct 15

TRO granted Oct 1

before agreed date Sept 19.

The above noted matter came on for hea[redacted]ing before the undersigned, Roger Schneier, on [redacted]002.

On June 28, 2002 William M. Brodsky, Esq. of the New York law firm Baden Kramer Huffman & Brodsky, P.C. had filed a notice of appearance for himself and for Mark Baker, Esq. of the District of Columbia law firm McGuiness Norris & Williams, LLP. Settlement negotiations having apparently been unsuccessful, on August 22, 2002 Mr. Baker withdrew from representation of the respondents, as did M[redacted]n Augu[redacted]02 Clifford J. Ingber, Esq. of Ingber & Ingber, 335 Greenwich Avenue, Greenwich, Connecticut 06830 was substituted as counsel for the respondents and requested an adjournment. That request having been denied Joseph H. Einstein, Esq. of Goodkind LaBaton Rudoff & Sucharow LLP, 100 Park Avenue, New York, New York 10017, appeared as special counsel to Ingber & Ingber for the sole pur[redacted] adjournment. That request was denied for reasons stated [redacted] record, and Mr. Einstein and the respondents left the hearing, at which time, as Mr. Einstein had been advised [redacted] occur, the complainant, represen[redacted]NeJame, Esq., was permitted to put [redacted]

## COMPLAINT

The complaint as amended alleges that International Security Services & Investigations, Inc. (ISSI), a licensed Private Investigator represented by qualifying officer William Pedrick, during the period of January 1, 2002 through April 16, 2002, employed 198 unregistered guards and failed to provide the Department of State with notice of its employment of 405 registered

security guards, and during the period of January 1, 2002 through March 31, 2002 failed to provide the Department of State with notice of its employment of 14 registered security guards and failed to maintain employee statements and to file employee fingerprints with the Department of State for 363 guards.

**FINDINGS OF FACT**

1) Notice of hearing together with a copy of the complaint was served personally on Mr. Pedrick on June 26, 2002 at the respondents' office located at 1 Steuben Place, Albany, New York, and additional copies of the notice of hearing and complaint were served on the respondents by certified mail addressed to them at the same address and delivered on June 28, 2002 (State's Ex. 1). A motion to amend the complaint was subsequently served on then counsel for the respondents by overnight mail posted on July 19, 2002. That motion was granted at hearing, and the amended complaint was admitted in evidence (State's Ex. 2).

2) ISSI has been duly licensed as a Private Investigator since March 25, 1998. Mr. Pedrick became qualifying officer on November 11, 1999, and continues as such with a current license expiration date of March 24, 2004 (State's Ex. 3).

3) By letter faxed on April 3, 2002 License Investigator Jeffrey Staats requested of Mr. Pedrick that he provide the complainant with ISSI's current and last quarter's payroll for all of its employees working within the State of New York and with access to all employee files, including, but not limited to, applications for employment, security guard employee status notifications, employee statements, and fingerprint cards with transmittal forms and the certified mail receipts showing the dates that they were mailed to the complainant (State's Ex. 4).

4) On April 4, 2002 Investigator Staats went to the respondents' Albany office, where he received from Mr. Pedrick, an "employee payroll history report" purportedly listing all security guards employed by ISSI in the State of New York during the period of January 1, 2002 through March 31, 2002. That roster was marked by ISSI employee Dena Pedrick to differentiate guards who were employed at Federal government sites (364 in number) from those who employed at New York State government and private sites (State's Ex. 5).

5) By letter dated April 9, 2002, which was hand delivered to ISSI employee Ray Postawa, Mr. Staats requested that Mr. Pedrick provide him an additional copy of exhibit 5 on which the social security numbers of the guards was given. The letter also stated that while it was agreed that the guards working exclusively at Federal government sites were exempt from registration, they were still covered by the employee requirements of General Business Law (GBL) §81 and 19 NYCRR 170.2 and 1703, and, therefore, requested

employee statements and fingerprint cards and transmittal forms for such employees (State's Ex. 6). In response, on April 10, 2002 ISSI employee Peggy Orlando faxed a new and expanded employee list dated April 9, 2002, which included additional names but which did not differentiate between Federal site and non-Federal site guards, to Mr. Staats (State's Ex. 7).

6) Four persons whose names appear on exhibit 5 as non-Federal site security guards where not registered as security guards from January 1, 2002 through March 31, 2002 (State's Ex. 8).

7) Three persons whose names appear on exhibit 5 (Claude Nelson, Oliver Jenkins, and Edmonde S. Eades III) as non-Federal site security guards where not registered as security guards employed by ISSI from January 1, 2002 through March 31, 2002 (State's Ex. 9).[1]

8) By letter dated April 12, 2002 and faxed to Mr. Pedrick on that date Mr. Staats requested that ISSI provide the complainant with personnel files and payroll records, not previously made available, for 340 employees at the respondents' 32 Court Street, Brooklyn, New York branch office whose names not appear on exhibit 5. In addition, in response to a request of the same date (State's Ex. 10), the respondents were granted an extension until April 18, 2002 to provide the previously requested employee statements and fingerprint cards and transmittal forms, including for "contract managers" Raymond Postawa and George Fradenburg (State's Ex. 11).

9) By fax dated April 16, 2002 Mr. Pedrick indicated that the respondents believed (as he had previously stated to Mr. Staats) that the fingerprinting and registration of guards employed at Federal sites, and of Mr. Postawa, who was only involved in Federal matters, was not required as such documents were already filed with the Federal government, but that the "Commanders" at all Federal sites had been directed to collect the requested documents "as soon as possible," and that Mr. Fradenburg was no longer employed by ISSI (State's Ex. 12).[2]

10) From January 1, 2002 through March 31, 2002 none of the support staff at ISSI's Albany office was registered with the Department of State (State's Ex. 13).

---

[1] An additional eleven names which appear on exhibit 9 do not appear on exhibit 5 as non-Federal site employees.

[2] With his request for an adjournment Mr. Ingber submitted affidavits from Mr. Pedrick and from ISSI's president, Osama Karawia, stating that all security guards employed in the State of New York by ISSI are registered as required by GBL Articles 7 and 7A.

11) On April 19, 2002 ISSI employee Peggy Orlando provided Investigator Staats with payroll rosters of employees for ISSI's Brooklyn office for the period of January 1, 2002 through April 16, 2002 (State's Ex. 15). Investigator Staats then prepared a list of the names from those rosters put in alphabetical order which he took to the respondents' Albany office, where Dena Pedrick indicated the three names of persons who were assigned as security guards to Federal sites (State's Ex. 16). 198 persons indicated on exhibits 15 and 16 as employed by ISSI as security guards at non-Federal sites were not registered as security guards for the covered period of time (State's Ex. 17). One of those names duplicates one appearing on exhibit 8 (Crystal Delfyette). 397 (not 405 as stated by Mr. NeJame) additional persons indicated on exhibits 15 and 16 as employed by ISSI as security guards at non-Federal sites were not registered as security guards employed by ISSI (State's Ex. 18).

## OPINION AND CONCLUSIONS OF LAW

I- In addition to being licensed as a Private Investigator as defined by GBL §71, pursuant to GBL §89-f[5] ISSI, which employs security guards, is a security guard company. Therefore, pursuant to GBL §89-g[1], except for persons subject to registration and training by the Federal government (GBL §89-f[6]), it may not employ as security guards persons not registered as such with the complainant. The evidence establishes that it violated that statute 201 times. In addition, the evidence establishes that it violated GBL §89[g][5] 400 times by employing persons as security guards without notifying the complainant of that employment.

II- Pursuant to GBL §81 a licensed Private Investigator must file with the complainant employee statements and fingerprint cards for all persons employed by it to assist in its work. As admitted to by Mr. Pedrick in his fax of April 16, 2002 (State's Ex. 12) ISSI did not make such filings for security guards employed by it and assigned to Federal sites. Therefore, as established by exhibit 5, ISSI violated GBL §81 363 times.

III- Pursuant to the statutory scheme established by GBL Article 7, in order for a corporation to be licensed as a Private Investigator at least one officer must meet all of the requirements for individual licensure. GBL §72. GBL §81[1] then sets forth a requirement that the holder of any license be "legally responsible for the good conduct in the business of each and every person...employed." That requirement is further detailed in 19 NYCRR 170.13. Thus, the qualifying officer of a corporate Private Investigator is responsible for the supervision of the activities of that corporation. *Department of State v Greenberg*, 32 DOS 87, conf'd. *Greenberg v Shaffer*, 139 AD2d 648, 527 NYS2d 287 (1988). Accordingly, Mr. Pedrick is liable for the violations committed by ISSI.

IV- When the Legislature and Governor enacted GBL Article 7-A in 1992 they recognized the need for the exercise of special care in the hiring of security guards. Since the events of September 11, 2001 that need has become even more evident. Yet, in spite of that, as recently as April, 2002 the respondents had numerous unregistered guards in their employ, a clear demonstration of untrustworthiness and incompetence.

The respondents also employed as security guards many persons who while registered with the complainant where not registered as employed by ISSI. While perhaps not as serious a violation as the employment of entirely unregistered guards, the failure to report the employment of a guard is a demonstration of incompetence.

The fact that the violations may have been corrected after the intervention of the complainant does not excuse those violations. Allowing the respondents to retain their licenses under these circumstances would send the entirely wrong message to other licensees and to the general public that so long as violations are corrected after the violator is caught no harm has been done.

**DETERMINATION**

**WHEREFORE, IT IS HEREBY DETERMINED THAT** International Security Services & Investigation, Inc. and William Pedrick have violated General Business Law §§81, 89[g][1], and 89[g][5] and have demonstrated untrustworthiness and incompetency, and accordingly, pursuant to General Business Law §79, their license as a private investigator and all branch office licenses issued to them are revoked, ef[redacted]nd they are directed to send their license [redacted] and pocket cards to Usha Barat, Customer Service Unit, Department of State, Division of Licensing Services, 84 Holland Avenue, Albany, NY 12208.

Roger Schneier
Administrative Law Judge

Dated: September 12, 2002