# EXHIBIT 21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------------X

Application of
INTERNATIONAL SECURITY SERVICES &
INVESTIGATION, INC. and WILLIAM PEDRICK,

Petitioners,

Index No. 02121300

For a judgment pursuant to Article 78
of the CPLR,

**STIPULATION**
**TO ADJOURN**

-against-

RANDY DANIELS, AS SECRETARY OF STATE,

Respondent.

---------------------------------------------------------------------X

It is hereby stipulated and agreed by and between the undersigned attorneys for the parties that Petitioner's Order to Show Cause, originally returnable on October 30, 2002, is hereby adjourned on consent until November 25, 2002 at 9:30 a.m. before the Hon. Faviola Soto, 80 Centre Street, New York, New York. Th[illegible] to Show Cause is continued pending the hearing on Petitioners' application. Answering papers shall be served by November 15, 2002, and reply papers shall be served by November 22, 2002.

It is further stipulated and agreed that facsimile signatures on this stipulation will be deemed to be original signatures.

Dated: New York, New York
October 24, 2002

INGBER & INGBER

By: ______________________
Clifford J. Ingber

Attorneys for Petitioners
335 Greenwich Avenue
Greenwich, CT 06830
(203) 629-6170

ELIOT SPITZER
Attorney General of the State
of New York

By: ______________________
Michael E. Peeples, AAG

Attorney for Respondent
120 Broadway, 24th Floor
New York, NY 10271
(212) 416-8771



2888

At the IAS Part 52 of the
Supreme Court of the State of
New York, New York County, at
The Courthouse, 60 Centre [redacted]
New York, New Yo[redacted]
day of [redacted]

PRESENT:
Honorable Faviola Soto, Justice

Application of International Security Services & Investigation, Inc. and William Pedrick

Petitioners,

For a judgment pursuant to Article 78 of the CPLR

--against--

Randy Daniels, as Secretary of State,

Respondent.

Index No. 02-121500

ORDER TO SHOW CAUSE

Upon the annexed Petition of International Security Services & Investigation, Inc. ("ISSI") and William Pedrick, its Qualifying Officer, verified on September 27, 2002, the exhibits thereto, and the accompanying Memorandum of Law, it is hereby

ORDERED, that Respondent Randy Daniels, as Secretary of State, or his attorney show cause, at IAS Part 52 of this Court, to be held at the Courthouse, 60 Centre Street, New York, New York, on the 30 day of Oct, 2002, at 9:30 a.m. of that day, or as soon thereafter as counsel may be heard, why an Order should not be entered, pursuant to Article 78 of the New York Civil Practice Law and Rules, (i) reversing the findings of fact and conclusions of law contained in Judge ... ...mber 12, 2002 decision on the grounds that they were obtained only after a

hearing which was conducted in a manner which violated Petitioners' right to due process under the United States and New York State Constitutions; (ii) declaring that the licensing scheme of the New York Security Guard Act, Articles 7 and 7-A of the General Business Law, and more particularly sub-parts 71(3) and 89-g thereof, is unconstitutional insofar as it denies security guard companies equal protection under the law by unfairly and irrationally discriminating against private security companies such as ISSI in favor of "in-house" security guards performing the identical jobs, by purporting to regulate the former group while completely exempting the latter group from any regulation; (iii) awarding Petitioners their costs and reasonable attorneys' fees incurred in bringing this special proceeding; and (iv) granting such other and further relief as this Court may deem just and proper; and it is further

ORDERED, that Respondent's answering papers, if any, shall be served personally on or before the 25 day of Oct, 2002; and it is further

ORDERED, that Petitioners' reply papers, if any, shall be served personally on or before the 29 day of Oct, 2002; and it is further

ORDERED, that the Decision and Order of Administrative Law Judge Roger Schneier dated September 12, 2002, is hereby stayed pursuant to CPLR 7805, and Petitioners' shall be permitted to retain their licenses under the General Business Law and shall have the right to continue to provide security services in accordance with such licenses, pending the ~~determination~~ hearing of this application, on the ground that Petitioners have demonstrated a likelihood that they will

succeed on the merits of their Article 78 Petition, and further on the ground that Petitioners would be irreparably and permanently harmed by the failure to grant such stay; and it is further

ORDERED, that the 30 day period of limitation within which Petitioners may appeal Judge Schneier's decision in this matter to the Department of State is hereby tolled pending determination of Petitioner's Article 78 Petition; and furthermore

Sufficient cause being alleged, let personal delivery of a copy of this order, and all supporting papers, upon respondent and upon the office of the Attorney General on or before the day of October, 2002, and such service be deemed sufficient.

Dated:

Justice, Supreme Court

Oral Argument directed:

J.S.C.

ENTER:

J.S.C.

HON. FAVIOLA SOTO

# EXHIBIT 22

**Konrad Trope**

---

**From:** Konrad Trope [ktrope@karawia.com]
**Sent:** Monday, October 07, 2002 12:22 PM
**To:** [redacted]@gsa.gov; carol.batsole@gsa.gov
**Cc:** [redacted]@karawia.com; bpierce@karawia.com; porlando@karawia.com
**Subject:** termination of GSA contract #GS-07F-0195M

Dear Ms. Brannen:

This will confirm our telephone conversation today at 11:45 a.m. Pacific Daylight Time wherein you re-confirmed GSA's decision to cancel the above referenced contract notwithstanding International Services, Inc.'s ("ISI") ability to perform the contract. ISI's ability to perform the contract was facilitated by the recently issued stay/order to show cause issued by the New York Supreme Court-Appellate Division, a copy of said court order was faxed to you early last [redacted] stated in an earlier phone call with me that the major reason for the termination was ISI's inability to perform [redacted]. Since the court has stayed that decision, and has indicated its inclination "based on the likelihood of success on the me[redacted], your basis for your decision appears to be without justification. Never[redacted] has made its decision. We will proceed accordingly.

# EXHIBIT 23

**Konrad Trope**

**From:** Konrad Trope [ktrope@karawia.com]
**Sent:** Tuesday, October 08, 2002 10:06 AM
**To:** sheila.brannan@gsa.gov
**Subject:** FW: an additional misconception regarding our [redacted] contract[redacted]

sorry for [redacted]

-----Original Message-----
**From:** Konrad Trope [mailto:ktrope@karawia.com]
**Sent:** Tuesday, Octobe[redacted]08, 2002 9:53 AM
**To:** [redacted].brannan@gs[redacted]gov; carol.batesole@gsa.gov
**Cc:** okaraw[redacted]wia.com; bpierce@karawia.com; porlando@karawia.com
**Subject:** an additional misconception regarding our alleged "inability to perform the contract"

As I documented in my e-mail to you of yesterday, GSA, in particular, you as the Contracting Officer, declared that revocation of our security license by the State of New York was [redacted] reason for terminating GSA contract #GS-07F-0195M. However, under the law of the State of New York, [redacted] licensing s[redacted] not apply to gaurds who are working [redacted] federal sites becau[redacted] state law has no jurisdictional application to federal contracts or federal[redacted]sites. Indeed, the New York Security Act, in particular Section 89-f [Definitions], Paragraph 6, Defines, *inter alia*, "[redacted] follows:

shall mean a person, other than a police officer, employed by a security guard company to principally perform one or more of the following functions within the state: a. protection of individuals and/or property from harm, theft or other unlawful activity; b. deterrence, observation, detection and/or reporting of incidents in order to prevent any unlawful or unauthorized activity including but not limited to unlawful or unauthorized intrusion or entry, larceny, vandalism, abuse, arson or trespass on property; c. street patrol service; d. response to but not installation or service of a security system alarm installed and/or used to prevent or detect unauthorized intrusion, robbery, burglary, theft, pilferage and other losses and/or to maintain security of a protected premises. **Provided, however, that a security guard who is otherwise subject to regulation with respect to registration and training by the federal government in the performance of their duties, or a security guard providing such services on a voluntary b[redacted] shall not be subject to the provisions of this article.**

**Thus security guards performing under GSA contracts were never subject [redacted]New [redacted]. So it International Services Inc. was never in a position of not being able to perform its duties under the various task orders in the State of New York under GSA Contract #GS-07F-0195M (the "Contract"). International Services, Inc. never needed a "state license" to perform the GSA contract.**

**Notwithstanding the clause that gives either side the right to terminate upon 30 days notice, I strongly su[redacted] that you confe[redacted] with legal counsel and reconsider your position regarding termination of the Contract. Otherwise, we wil be compelled to pursue all remedies both legal and equitable.**