# EXHIBIT 44

[Federal Register: October 1, 2002 (Volume 67, Number 190)]
[Proposed Rules]
[Page 61542-61545]
From the Federal Register Online via GPO Access [wais.access.gpo.gov]
[DOCID:fr01oc02-24]

==========================================================================

Proposed Rules

Federal Register

---

This section of the FEDERAL REGISTER contains notices to the public of the proposed issuance of rules and regulations. The purpose of these notices is to give interested persons an opportunity to participate in the rule making prior to the adoption of the final rules.

==========================================================================

[[Page 61542]]

GENERAL ACCOUNTING OFFICE

4 CFR Part 21

General Accounting Office, Administrative Practice and Procedure, Bid Protest Regulations, Government Contracts

AGENCY: General Accounting Office.

ACTION: Proposed rule.

---

SUMMARY: The General Accounting Office (GAO) is proposing to revise its Bid Protest Regulations, promulgated in accordance with the Competition in Contracting Act of 1984, to conform the current regulation to current practice, and otherwise to improve the overall efficiency and effectiveness of the bid protest process at GAO. GAO has not revised Part 21 since 1996, and the proposed changes will clarify several aspects of the bid protest process that have evolved since that time.

DATES: Comments must be submitted on or before November 12, 2002.

ADDRESSES: Comments should be addressed to: John M. Melody, Assistant General Counsel, General Accounting Office. Comments should be submitted by e-mail at BidProtestRegs@gao.gov, or by facsimile at 202-512-9749.

FOR FURTHER INFORMATION CONTACT: John M. Melody (Assistant General Counsel) or David A. Ashen (Deputy Assistant General Counsel), 202-512-9732.

SUPPLEMENTARY INFORMATION: On February 25, 2002, the General Accounting Office (GAO) published an Advance Notice of Proposed Rulemaking (67 FR 8485) soliciting comments on several changes to its Bid Protest

Regulations, promulgated in accordance with the Competition in Contracting Act of 1984, 31 U.S.C. 3551-3556. The advance notice was prompted by GAO's recognition that there have been legal developments and changes in practice that have occurred since the last revision, in 1996. Of particular note, since the 1996 revision to GAO's regulation, alternative dispute resolution has grown in use, electronic filing has become a reality, and the Court of Appeals for the Federal Circuit and Court of Federal Claims have issued significant decisions regarding review of affirmative responsibility determinations. The advance notice requested comments on changes already under consideration in these and other areas, and also solicited suggestions for other changes to the regulation that may enhance the efficiency and overall effectiveness of the bid protest process at GAO.

Interested persons were invited to submit comments on GAO's advance notice by April 1, 2002. We received written comments from four federal agencies, one industry association, one nonprofit institute, and two individual attorneys. In preparing this proposed rule, we have carefully considered all comments received.

As a result of comments received, GAO proposes to leave unchanged the timeliness rule under paragraph (a)(2) of Sec. 21.2, one of the areas identified in the advance notice as being considered for change. As explained in the advance notice, the paragraph currently provides that, where a debriefing is requested and required, any protest basis that is known or should have been known, either before or as a result of the debriefing, shall not be **filed** prior to the debriefing date offered to the protester. This rule permits protesters to delay--until after a debriefing--protesting certain matters that may arise during the procurement. We considered revising this rule because delays in filing protests are inconsistent with GAO's general view that prompt resolution of protests is beneficial to the procurement system. As one commenter pointed out, however, because many alleged improprieties that may occur during a procurement ultimately may have no effect on the award decision, revising the rule to promote earlier protests could result in an increased number of unnecessary protests. We agree with the commenter, and since the delayed filing has arisen in only a very few cases, while the number of unnecessary protests could be much greater, we believe it is advisable to leave this provision unchanged.

Explanations of significant proposed revisions to GAO's Bid Protest Regulations are set forth below.

Methods for Filing Documents

GAO proposes to revise paragraph (g) of Sec. 21.0 to clarify that protests and other documents may be **filed** by facsimile, and to provide also that, subject to restrictions where a protective order has been issued, all filings, including protests, may be **filed** by other electronic means, such as electronic mail (e-mail). This proposed change reflects recent efforts by GAO to make e-mailed protests feasible; for example, GAO has established a means for determining the time that an e-mailed protest was **filed**. Further, GAO proposes to revise the paragraph to make it clear that, regardless of the delivery method chosen, the filing party bears the risk that the document will not be timely received at GAO. Other paragraphs have been similarly revised to reflect GAO's openess towards electronic communications generally. In this regard, GAO proposes to revise paragraph (b) of Sec. 12.12 to make clear that decisions, when issued, may be transmitted to the parties by e-mail, and may be accessed by electronic means. Similarly, GAO proposes revising paragraph (c) of Sec. 21.7 to provide that GAO, in its discretion, may hold hearings by video or other electronic means.

Alternative Dispute Resolution (ADR)

Consistent with the advance notice and the suggestions of several commenters, GAO's proposed revision adds, as new paragraph (h) under Sec. 21.0, a definition of ADR. This definition clarifies that ADR consists of techniques--such as outcome prediction and negotiation assistance--designed to resolve cases expeditiously, without a written decision. The definition is limited in detail, consistent with the view of GAO and several commenters that ADR should remain as flexible as possible in order to ensure that it can be tailored to fit the circumstances and the parties' interests in a particular case. GAO also proposes to revise paragraph (e) of Sec. 21.10 to specifically provide that ADR is among the flexible alternative procedures GAO may use to promptly and fairly resolve a protest.

Comments on Agency Report

GAO proposes to revise paragraph (i) of Sec. 21.3 by eliminating certain language. Currently, the paragraph states that protesters may satisfy the

[[Page 61543]]

requirement that comments be **filed** within 10 days of receipt of the agency report by instead filing within 10 days a statement requesting that their protest be decided on the existing record, or requesting an extension of time. GAO believes this language may have led protesters to forgo filing substantive comments, believing them unnecessary for a successful protest. In fact, absent a substantive response to the agency's report, there often is no basis for GAO to question the agency's position. GAO therefore proposes to delete the reference to a request that the protest be decided on the existing record. Similarly, a protester's request for an extension of time for filing comments, where that request is not granted, does not provide a basis for the protester to delay its comments. GAO therefore proposes to add language to make it clear that comments may be delayed only where GAO grants an extension. Finally, since GAO also may establish a filing period shorter than 10 days where it adopts accelerated procedures (see Sec. 21.10(e)), GAO proposes adding language requiring that comments be **filed** in fewer than 10 days where GAO has established such a shorter period.

GAO Review of Small Business Certificate of Competency Program

GAO proposes to revise paragraph (b)(2) of Sec. 21.5. That paragraph currently provides that GAO generally will not consider protests challenging Certificate of Competency (COC) reviews unless there is a showing of possible bad faith by government officials, or a showing that vital responsibility information was not considered. GAO proposes to revise the paragraph, first, by adding SBA's alleged failure to follow its own regulations as an exception to the general rule that GAO will not review protests in this area. This change is intended to make the extent of GAO's review in the COC area consistent with that in the area of protests of procurements under section 8(a) of the Small Business Act (Sec. 21.5(b)(3)), and protests of affirmative determinations of responsibility (Sec. 21.5(c), as proposed herein to be revised). Second, the proposed revision makes it clear, consistent with GAO decisions, that GAO review of protests under another exception--where SBA allegedly failed to consider vital responsibility

information--is limited to considering the manner in which the information was presented to or withheld from SBA by the contracting agency. Finally, the proposed revised language makes it clear that, in light of the deference accorded SBA in small business matters, GAO will interpret the exceptions to the general rule narrowly.

Affirmative Determinations of Responsibility

GAO proposes to revise paragraph (c) of Sec. 21.5. That paragraph provides that GAO will review affirmative determinations of responsibility only under very limited circumstances, reflecting GAO's view that such determinations generally do not lend themselves to reasoned review. As noted in the advance notice, in January 2001, the Court of Appeals for the Federal Circuit held in Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324 (Fed. Cir. 2001), that affirmative determinations of responsibility are subject to review by the Court of Federal Claims under the ``arbitrary and capricious'' standard applicable under the Administrative Procedure Act. In light of that decision, and notwithstanding the fact that GAO is not applying the Administrative Procedure Act in its bid protest process, GAO proposes to revise the paragraph to expand its review of affirmative determinations of responsibility to include protests where there is evidence raising serious concerns as to whether the contracting officer unreasonably failed to consider available relevant information, or otherwise violated statute or regulation. While GAO recognizes that the revision to its regulation may expand review in the area, the proposed language is intended to limit any expanded review, in recognition of the agency's discretion, to protests where the protester proffers evidence supporting the allegation--that is, where the protest is not based on mere information and belief or speculation--and where the allegation is substantial enough to bring into question whether the affirmative determination could have any rational underpinning. The proposed revised language is designed to achieve a balance between GAO's desire to promote consistency with the rationale underlying the Garufi decision, and the possibility--a concern expressed by several agency commenters--that expanded review by GAO might unduly interfere with the normal contracting process. Finally, as reflected in the proposed language, GAO anticipates that allegations most commonly will be based on the alleged failure of the contracting officer to consider publicly-available relevant information (as in the Garufi case).

Suspension and Debarment Review

GAO proposes to add new paragraph 21.5(i) to set forth suspension and debarment actions as issue areas that GAO will not review. Currently, although GAO generally will not review protests of suspension and debarment actions, it will consider arguments that an offeror improperly has been suspended or debarred during the pendency of a procurement in which it was competing, in order to ensure that the agency did not act arbitrarily to avoid making award to an offeror otherwise entitled to award. GAO recently held in Shinwa Elec., B-290603 et al., Sept. 3, 2002, 2002 CPD [para] --, that it no longer will review suspension and debarment actions even under this exception on the ground that the appropriate forum for such challenges is the agency taking the disputed action. This proposed new paragraph is intended to make the regulations consistent with this current case law.

Comments Where Hearing Is Held

GAO proposes revising paragraph 21.7(g) to delete language

providing that, if a hearing is to be held, no separate comments on the agency report should be **filed**. In practice, GAO rarely calls a hearing until after the protester and intervenor have commented on the agency report, since GAO has found that such comments typically are helpful in determining whether issues can be resolved on the written record and, thus, whether a hearing is necessary.

Filing of Claim for Costs Following Agency Corrective Action

GAO proposes to revise paragraph (e) of Sec. 21.8 to clarify the time within which claims for costs must be **filed** with the procuring agency following corrective action by the agency on a GAO protest. The current regulation requires that such claims be **filed** within 15 days after the protester is ``advised that the contracting agency has decided to take corrective action.'' In a very few cases, following initial notice that an agency has decided to take corrective action, there has been a delay in the agency's finalizing the action to be taken, making it unclear when the 15 days begins to run. See DevTech Sys., Inc., B-284860.4, Aug. 23, 2002, 2002 CPD ----. The proposed revised language makes it clear that the 15-day period begins to run from the time the protester learned (or should have learned) that GAO has closed the protest in response to the proposed corrective action.

Cases Before Courts of Competent Jurisdiction

GAO proposes to revise paragraph (b) of section 21.11 to clarify that any case--not only bid protests--will be

[[Page 61544]]

dismissed where the matter involved is the subject of litigation, or has been decided on the merits, by a court of competent jurisdiction. This revision is necessary to make it clear that the provision extends to requests for costs, reconsideration requests, and other matters, not only bid protests.

Comments

Comments concerning the proposed rule may be submitted by e-mail at BidProtestRegs@gao.gov, or by facsimile at 202-512-9749.

List of Subjects in 4 CFR Part 21

Administrative practice and procedure, Bid protest regulations, Government contracts.

For the reasons set out in the preamble, Title 4, Chapter I, Subchapter B, of the Code of Federal Regulations is proposed to be amended as follows:

PART 21--BID PROTEST REGULATIONS

1. The authority citation for Part 21 continues to read as follows:

Authority: 31 U.S.C. 3551-3556.

2. Amend Sec. 21.0 by revising paragraphs (f) and (g), and adding new paragraph (h) to read as follows:

Sec. 21.0 Definitions.

* * * * *

(f) Adverse agency action is any action or inaction by a contracting agency which is prejudicial to the position taken in a protest **filed** with the agency, including a decision on the merits of a protest; the opening of bids or receipt of proposals, the award of a contract, or the rejection of a bid or proposal despite a pending protest; or contracting agency acquiescence in continued and substantial contract performance.

(g) A document is **filed** on a particular day when it is received by GAO by 5:30 p.m., Eastern time, on that day. Protests and other documents may be **filed** by hand delivery, mail, commercial carrier, facsimile transmission, or other electronic means (but see Sec. 21.4(b) for restrictions on electronic filing where a protective order has been issued). Hand delivery and other means of delivery may not be practicable during certain periods due, for example, to security concerns or equipment failures. In all cases, the filing party is responsible for ensuring timely receipt at GAO.

(h) Alternative dispute resolution encompasses various means of resolving cases expeditiously, without a written decision, including techniques such as outcome prediction and negotiation assistance.

* * * * *

3. Amend Sec. 21.1 by revising paragraph (c) introductorry text and (c)(1) to read as follows:

Sec. 21.1 Filing a protest.

* * * * *

(c) A protest **filed** with GAO shall:

(1) Include the name, street address, electronic mail address, and telephone and facsimile numbers of the protester,

* * * * *

4. Amend Sec. 21.3 by revising paragraphs (a) and (i) to read as follows:

Sec. 21.3 Notice of protest, submission of agency report, and time for filing of comment on report.

(a) GAO shall notify the contracting agency by telephone within 1 day after the filing of a protest, and, unless the protest is dismissed under this part, shall promptly send a written confirmation to the contracting agency and an acknowledgment to the protester. The contracting agency shall immediately give notice of the protest to the contractor if award has been made or, if no award has been made, to all bidders or offerors who appear to have a substantial prospect of receiving an award. The contracting agency shall furnish copies of the protest submissions to those parties, except where disclosure of the information is prohibited by law, with instructions to communicate further directly with GAO. All parties shall furnish copies of all protest communications to the contracting agency and to other participating parties. All protest communications shall be sent by means reasonably calculated to effect expeditious delivery.

* * * * *

(i) Comments on the agency report shall be **filed** with GAO within 10 days after receipt of the report, with a copy provided to the contracting agency and other participating parties. The protest shall be dismissed unless the protester files comments within the 10-day

period, unless GAO grants an extension, or establishes a shorter period in accordance with Sec. 21.10(e). Extensions will be granted on a case-by-case basis. Unless otherwise advised by the protester, GAO will assume the protester received the agency report by the due date specified in the acknowledgment of protest furnished by GAO.
* * * * *

5. Amend Sec. 21.4 by revising paragraph (b) to read as follows:

Sec. 21.4 Protective orders.

* * * * *

(b) If no protective order has been issued, the agency may withhold from the parties those portions of the report which would ordinarily be subject to a protective order. GAO will review in camera all information not released to the parties. Where a protective order has been issued, documents may be **filed** by electronic means (other than facsimile transmission) only when specifically authorized by GAO.
* * * * *

6. Amend Sec. 21.5 by revising the introductory text and paragraphs (b)(2), (c) and (d), and to add new paragraph (i), to read as follows:

Sec. 21.5 Protest issues not for consideration.

If no protective order has been issued, the agency may withhold from the parties those portions of the report which would ordinarily be subject to a protective order. GAO will review in camera all information not released to the parties. Where a protective order has been issued, documents may be **filed** by electronic means (other than facsimile transmission) only when specifically authorized by GAO.
* * * * *

(b) * * *
* * * * *

(2) Small Business Certificate of Competency Program. Referrals made to the Small Business Administration pursuant to sec. 8(b)(7) of the Small Business Act, or the issuance of, or refusal to issue, a certificate of competency under that section will generally not be reviewed by GAO. The exceptions, which GAO will interpret narrowly out of deference to the role of the Small Business Administration (SBA) in this area, are protests that show possible bad faith on the part of government officials, or that present allegations that the SBA failed to follow its own published regulations or failed to consider vital information bearing on the firm's responsibility due to the manner in which the information was presented to or withheld from the SBA by the procuring agency. 15 U.S.C. 637(b)(7).
* * * * *

(c) Affirmative determination of responsibility by the contracting officer. Because the determination that a bidder or offeror is capable of performing a contract is largely committed to the contracting officer's discretion, GAO will generally not consider a protest challenging such a determination. The exceptions are protests that allege that definitive responsibility criteria in the

[[Page 61545]]

solicitation were not met and those that identify evidence raising serious concerns that, in reaching a particular responsibility determination, the contracting officer unreasonably failed to consider

available relevant information or otherwise violated statute or regulation.

(d) Procurement integrity. For any Federal procurement, GAO will not review an alleged violation of subsections (a), (b), (c), or (d) of sec. 27 of the Office of Federal Procurement Policy Act, 41 U.S.C. 423, as amended by sec. 4304 of the National Defense Authorization Act for Fiscal Year 1996, Public Law 104-106, 110 Stat. 186, February 10, 1996, where the protester failed to report the information it believed constituted evidence of the offense to the Federal agency responsible for the procurement within 14 days after the protester first discovered the possible violation.

* * * * *

(i) Suspensions and debarments. Challenges to the suspension or debarment of contractors will not be reviewed by GAO. Such matters are for review by the contracting agency in accordance with the applicable provisions of the Federal Acquisition Regulation.

7. Amend Sec. 21.7 by revising paragraphs (c) and (g) to read as follows:

Sec. 21.7 Hearings.

* * * * *

(c) Hearings generally will be conducted as soon as practicable after receipt by the parties of the agency report and relevant documents. Although hearings ordinarily will be conducted at GAO in Washington, DC, hearings may, at the discretion of GAO, be conducted at other locations, or by telephone or other electronic means.

* * * * *

(g) If a hearing is held, each party shall file comments with GAO within 5 days after the hearing was held or as specified by GAO. If the protester has not **filed** comments by the due date, GAO shall dismiss the protest.

* * * * *

8. Amend Sec. 21.8 by revising paragraph (e) to read as follows:

Sec. 21.8 Remedies.

* * * * *

(e) The protester shall file any request that GAO recommend that costs be paid within 15 days of the date on which the protester learned (or should have learned, if that is earlier) that GAO had closed the protest based on the agency's decision to take corrective action.

* * * * *

9. Amend Sec. 21.10 by removing paragraph (d)(3), and by revising paragraph (e) to read as follows:

Sec. 21.10 Express options, flexible alternative procedures, accelerated schedules, summary decisions, and status conferences.

* * * * *

(e) GAO may use flexible alternative procedures to promptly and fairly resolve a protest, including alternative dispute resolution, establishing an accelerated schedule and/or issuing a summary decision.

* * * * *

10. Amend Sec. 21.11 by revising paragraph (b) to read as follows:

Sec. 21.11 Effect of judicial proceedings.

* * * * *

(b) GAO will dismiss any case where the matter involved is the subject of litigation before, or has been decided on the merits by, a court of competent jurisdiction. GAO may, at the request of a court, issue an advisory opinion on a bid protest issue that is before the court. In these cases, unless a different schedule is established, the times provided in this part for filing the agency report (Sec. 21.3(c)), filing comments on the report (Sec. 21.3(i)), holding a hearing and filing comments (Sec. 21.7), and issuing a decision (Sec. 21.9) shall apply.

11. Amend Sec. 21.12 by revising paragraph (b) to read as follows:

Sec. 21.12 Distribution of decisions.

* * * * *

(b) Decisions may be distributed to the parties, and are available from GAO, by electronic means.

Anthony H. Gamboa,
General Counsel.
[FR Doc. **02-24803 Filed** 9-30-**02**; 8:45 am]
BILLING CODE 1610-**02**-P