IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INTERNATIONAL PROTECTIVE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2824C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Lettow) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STRIKE AMENDED COMPLAINT

Defendant, the United States, respectfully requests that the Court strike the amended complaint, filed by plaintiff, International Protective Services, Inc. ("International") on July 30, 2007 ("amended complaint"), for failure to comply with Rule 8 of the Rules of the United States Court of Federal Claims ("RCFC").

The plain meaning of RCFC 8 supports our motion. RCFC 8 states, in relevant part:

> (a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.
>
> . . . (e) Each averment of a pleading shall be simple, concise, and direct.

RCFC 8 (emphasis added).

Our motion is also supported by the interests of justice and judicial economy. The amended complaint is vague and meandering.

It contains legal arguments, legal citations, challenges to administrative and judicial proceedings outside the jurisdiction of this Court, snippets from newspaper articles, and much more. While the amended complaint may also include a contract claim, such a claim, if any, is not easily separated from the rest. If we are required to respond to International's defective pleading, then enormous resources must be wasted teasing out irrelevant matters with motions to dismiss. In addition, enormous resources must be wasted responding to irrelevant or cumulative allegations. This is not a good use of the resources of the Court or the resources of the Department of Justice.

We respectfully request that the requirements of RCFC 8 be enforced. International is represented by experienced counsel. While this Court will often indulge the rambling pleadings filed by pro se litigants, no such policy concerns are implicated here.

In addition, we respectfully request that the Court order International to file no more than 40 pages of attachments to any subsequent amended complaint that International may seek leave to file. To file hundreds of pages of attachments with a pleading -- as International has done with the amended complaint filed on July 30, 2007 -- creates confusion. It is not clear why these documents have been filed with the pleading, and it may mislead International into believing that such documents have been entered into evidence in this case. Thus, in the interests of

justice and judicial economy, and pursuant to RCFC 1 and RCFC 9, we respectfully request that International be ordered to file no more than 40 pages of attachments with any future pleading.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

August 1, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on August 1, 2007, a copy of the foregoing "DEFENDANT'S MOTION TO STRIKE AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier