SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE STATE OF NEW YORK and THE PEOPLE OF THE STATE OF NEW YORK, by ELIOT SPITZER, ATTORNEY GENERAL OF THE STATE OF NEW YORK,

Plaintiffs,

—against—

INTERNATIONAL PROTECTIVE SERVICES, INC., d/b/a & a/k/a INTERNATIONAL SERVICES, INC., d/b/a & a/k/a INTERNATIONAL SECURITY SERVICES AND INVESTIGATIONS, INC., and OUSAMA "SAM" KARAWIA,

Defendants.

Index No. 02-402799

STIPULATION OF SETTLEMENT AND ORDER

WHEREAS, there is pending in the Supreme Court of the State of New York, County of New York, a civil lawsuit entitled *The State of New York and the People of the State of New York, by Eliot Spitzer, Attorney General of the State of New York v. International Protective Services, Inc., d/b/a & a/k/a International Services, Inc., d/b/a & a/k/a International Security Services and Investigations, Inc., and Ousama "Sam" Karawia, Index No. 02-402799* (the "Action"); and,

WHEREAS, Defendant International Protective Services, Inc., d/b/a and a/k/a International Services, Inc., d/b/a & a/k/a International Security Services and Investigations, Inc. ("IPS") is a privately held for profit security guard company located at, among other places, 3771 W. 242nd Street, Suite 205, Torrance California, 90505; and,

3398

WHEREAS, Defendant Ousama "Sam" Karawia ("Karawia", and collectively with IPS "Defendants") is the Chief Executive Officer and President of IPS;

and,

WHEREAS, Defendants entered into one contract with the State of New York (identified by contract number PS57232) and another contract with the New York City Department of Homeless Services ("DHS") (identified by contract number 07120020000092) to provide security guard services (collectively, the "Contracts"); and,

WHEREAS, Plaintiffs People of the State of New York and the State of New York ("Plaintiffs"), by the Office of the Attorney General of the State of New York ("OAG") filed the Action alleging that Defendants violated New York State Executive Law § 63(12) and § 63-c, the Security Guard Act (General Business Law Article 7-A), and the terms of the Contracts by, inter alia, (i) hiring and supplying guards that were not registered with the Secretary of State; (ii) supplying guards that did not meet the various requirements of the Contracts; (iii) fraudulently and deceptively charging DHS and the State of New York for guard service that did not meet the specifications of the respective Contracts; (iv) fraudulently and deceptively charging the State of New York a higher rate for guards that did not have that higher level of qualifications; and (iv) accepting payments made by DHS and State of New York in reliance on false invoices; and,

WHEREAS, IPS believes it has claims against the State of New York and DHS for non-payment of moneys due under the Contracts; and,

WHEREAS, Defendants claim that the State of New York owes $355,004.83 and DHS owes $1,635,254.34 under the Contracts; and,

WHEREAS, Defendants and Plaintiffs wish to resolve this matter without

the need and expense of further legal proceedings; and,

WHEREAS, this Stipulation of Settlement ("Stipulation") was agreed to by and between Defendants and Plaintiffs independent of any actual or potential criminal prosecution; now, therefore, it is hereby

STIPULATED AND AGREED as follows:

1. For purposes of settlement, the parties agree that DHS has withheld payment of, and therefore owes to IPS, a total amount of $1,436,174, for services rendered.

2. Defendants agree that they owe restitution and other damages to DHS in the amount of $650,000, for the conduct outlined in the amended complaint in this Action.

3. The parties agree that the $650,000 owed by Defendants pursuant to paragraph 2 above may be set-off against the $1,436,174 owed to IPS pursuant to paragraph 1 above. Therefore, upon full execution of this Stipulation and this Stipulation being "so ordered" by the Court, the parties understand that DHS will owe to IPS the total amount of $786,174, payment of which shall be governed by paragraph 6 of this Stipulation.

4. For purposes of settlement, the parties agree that the State of New York has withheld payment of, and therefore owes to IPS, a total amount of $146,738.45, for services rendered.

5. Defendants agree that they owe restitution and other damages to the State of New York in the amount of $449,000 for the conduct outlined in the amended complaint in this Action. This sum may be set-off against the $146,738.45 3400

withheld by the State and referred to in paragraph 4 above. Therefore, upon full execution of this Stipulation and this Stipulation being "so ordered" by the Court, Defendants will pay $302,261.55 to the State of New York, payment of which shall be governed by paragraph 6 of this Stipulation.

6. Within 20 business days after this Stipulation is fully executed by the parties, DHS shall provide the OAG with a check made payable to *Schindler Cohen & Hochman LLP, as counsel to International Services, Inc.*, in the amount of $786,174 ("DHS Check") and Defendants shall provide Lisa C. Cohen, Esq., of Schindler Cohen & Hochman LLP with a certified bank check made payable to *The State of New York* in the amount of $302,261.55 ("Defendants' Check"). The OAG shall hold the executed Stipulation in escrow until the DHS Check is received by the OAG and the Defendants' Check is received by Lisa C. Cohen, Esq. After the OAG has received the DHS Check and Lisa C. Cohen, Esq. has received the Defendants' Check, the OAG shall release the Stipulation from escrow and submit it to the Court to be "so ordered." Within 5 business days of this Stipulation being "so ordered" and entered by the Court, and at a date and time to be determined by the OAG and Ms. Cohen, the following shall occur simultaneously: (1) the OAG will deliver the DHS Check to Defendants; and (2) Lisa C. Cohen will deliver the Defendants' Check to the OAG. If either DHS fails to provide a check to the OAG or Defendants fail to provide a check to Lisa C. Cohen within the specified time period, the other check will be returned to the payor for re-deposit into its own account and this Stipulation shall be null and void and shall not be submitted to the Court.

3401

7. If DHS fails to make payment pursuant to paragraph 6 of this

Stipulation, Defendants, at their sole discretion, may treat this Stipulation as a lawful agreement to be submitted to the Court that may be used as evidence that the Action has been settled. In the event that Defendants choose this option, Defendants shall, within 5 business days after the deadline for submission of the checks listed in the first sentence of paragraph 6, inform the OAG of this decision in writing and shall direct Ms. Cohen to tender Defendants' Check to the OAG for deposit. Upon depositing the Defendants' Check, the OAG shall release this Stipulation from escrow and submit it to the Court to be "so ordered." Defendants tendering the payment called for in paragraph 5 above shall be a pre-condition of Defendants' ability to exercise the option listed in this paragraph.

8. Defendants agree that they shall not, for a period of 5 years from the date that this Stipulation is executed, either directly or indirectly, through corporate or personal agents or otherwise, conduct, within the State of New York, any security guard work of the type regulated by General Business Law Article 7-A.

9. Defendants, Plaintiffs and the OAG, acting pursuant to Executive Law §63-c, agree that this Stipulation, if fully adhered to and "so ordered" by the Court: (1) resolves all matters as to the Contracts; (2) shall constitute and operate as a Release to Plaintiffs and DHS from any and all claims that Defendants may now have or that might subsequently accrue under the Contracts; and (3) shall constitute and operate as a Release to Defendants from any and all claims that Plaintiffs and DHS asserted in the amended complaint in this Action or that might subsequently accrue under the Contracts. The foregoing does not preclude the OAG, the Office of the Comptroller of the State of New York, and DHS, or any other agency of the City or State 340

of New York, from exercising all lawful functions of their offices.

10. Nothing in this agreement shall constitute a waiver by Defendants of any claim or right that has previously been asserted in either the administrative proceeding entitled *In the Matter of the New York State Department of State, Division of Licensing Services v. International Security Services & Investigation, Inc. and William Pedrick* or the related action pending in the Supreme Court of the State of New York, New York County entitled *Application of International Security Services & Investigation, Inc. and William Pedrick (For a judgment pursuant to Article 78 of the CPLR) v. Randy Daniels, as Secretary of State*, Index No. 02-121300.

11. Upon full execution of this Stipulation and this Stipulation being "so ordered" by the Court, the parties understand that, if Defendants do not fully comply with the terms and conditions of this Stipulation, Plaintiffs and the OAG are entitled to seek all damages and penalties that may lawfully be imposed, including but not limited to Contempt of Court and specific performance.

12. Five business days after payment has been made under the terms of this Stipulation, the OAG shall execute and file a stipulation of discontinuance with prejudice.

13. Notwithstanding any other term of this Stipulation, nothing in this Stipulation shall limit Plaintiffs or the OAG from pursing any criminal actions against Defendants.

14. Defendants and Plaintiffs agree that this Stipulation may be signed in separate counterparts.

3403

15. The undersigned represent that they are authorized to enter into this Stipulation and this Stipulation shall be binding upon Defendants, DHS (pursuant to Executive Law §63-c), and the State of New York, and each of their respective successors, successors-in-interest, agents and assigns.

Dated: New York, New York
January ____, 2003

______________________________
Ousama Karawia,
Personally and as President of IPS
3771 W. 242nd Street, Suite 205
Torrance California, 90505

HARDIN, KUNDLA, MCKEON,
POLETTO & POLIFRONI, P.C.
673 Morris Avenue
Springfield, New Jersey 07081

By: ______________________________
John S. Favate

*Counsel for Karawia*

SCHINDLER COHEN & HOCHMAN LLP
45 Rockefeller Plaza, 9th Floor
New York, NY 10111

By: ______________________________
Lisa Cohen, Esq.

*Counsel for Defendant IPS*

3404

ELIOT SPITZER
Attorney General of the State of New York
120 Broadway
New York, New York 10271
(212) 416-8242

By: ______________________
MARK G. PETERS
Assistant Attorney General in Charge
Public Integrity Unit

ANNE M. CUNNINGHAM
Assistant Attorney General

*Counsel for Plaintiffs*

SO ORDERED:

______________________________
J.S.C.

15. The undersigned represent that they are authorized to enter into this Stipulation and this Stipulation shall be binding upon Defendants, DHS (pursuant to Executive Law §63-c), and the State of New York, and each of their respective successors, successors-in-interest, agents and assigns.

Dated: New York, New York
January 14, 2003

Ousama Karawia,
Personally and as President of IPS
3771 W. 242nd Street, Suite 205
Torrance California, 90505

HARDIN, KUNDLA, MCKEON,
POLETTO & POLIFRONI, P.C.
673 Morris Avenue
Springfield, New Jersey 07081

By: ______________________
John S. Favate

*Counsel for Karawia*

SCHINDLER COHEN & HOCHMAN LLP
45 Rockefeller Plaza, 9th Floor
New York, NY 10111

By: ______________________
Lisa Cohen, Esq.

*Counsel for Defendant IPS*



3406

15. The undersigned represent that they are authorized to enter into this Stipulation and this Stipulation shall be binding upon Defendants, DHS (pursuant to Executive Law §63-c), and the State of New York, and each of their respective successors, successors-in-interest, agents and assigns.

DATED: New York, New York
January ______, 2003

By: ______________________________
Ousama Karawia, Personally and as
President of IPS
3771 W. 242nd Street, Suite 205
Torrance, California 90505

Jeffrey Roth
Hardin, Kundla, McKeon, Poletto &
Polifroni
110 Williams St., 25th Floor
New York, New York 10038

And

John S. Favate
Hardin, Kundla, McKeon, Poletto &
Polifroni
673 Morris Avenue
Springfield, New Jersey 07081

By: ______________________________
Jeffrey Roth
Counsel for Karawia

SCHINDLER, COHEN & HOCHMAN, LLP
45 Rockefeller Plaza, 9th Floor
New York, New York 10111

By: ______________________________
Lisa Cohen, Esq.

Counsel for Defendant, IPS

15. The undersigned represent that they are authorized to enter into this Stipulation and this Stipulation shall be binding upon Defendants, DHS (pursuant to Executive Law §63-c), and the State of New York, and each of their respective successors, successors-in-interest, agents and assigns.

Dated: New York, New York
January ____, 2003

______________________________
Ousama Karawia,
Personally and as President of IPS
3771 W. 242nd Street, Suite 205
Torrance California, 90505

HARDIN, KUNDLA, MCKEON,
POLETTO & POLIFRONI, P.C.
673 Morris Avenue
Springfield, New Jersey 07081

By: ______________________________
John S. Favate

*Counsel for Karawia*

SCHINDLER COHEN & HOCHMAN LLP
45 Rockefeller Plaza, 9th Floor
New York, NY 10111

By: ______________________________
Lisa Cohen, Esq.

*Counsel for Defendant IPS*



3408