IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INTERNATIONAL PROTECTIVE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2824C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Lettow) |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR A SCHEDULING CONFERENCE

The response to our motion for a scheduling conference filed by Plaintiff, International Protective Services, Inc. ("International") on August 24, 2007 ("Pl. Resp.") is creative. However, the arguments are completely without merit.

We respectfully request that the Court hold a hearing by telephone to discuss the schedule in this case before the parties are forced to embark upon the burdensome motion practice and discovery activities that International seems to prefer.

I. The Claim For Lost Profits Should Be Dismissed

In its response, International admitted that it was incapable of performing guard services in New York (where the relevant Federal facilities were located) during the option years:

> the stipulation in the state dispute that ISI would not do business in NY, ISI was not doing business in NY and therefore it was not giving up much related to that portion of the agreement.

Pl. Resp. at 2 (emphasis added). However, International contends that if its Federal contract had not been terminated: (1)

International would not have agreed to cease performing guard services in New York for five years, (2) International would have prevailed in the New York action or would have achieved a more favorable settlement, (3) International would have been awarded the option contracts, (4) International would have performed the option contracts, and (5) International would have made millions of dollars in profits. Pl. Resp. at 2 ("Had ISI not been terminated in bad faith, ISI would never have agreed to cease doing business in NY, or if the agreement with NY State would have had other terms and conditions") (emphasis added).

In summary, before ever reaching the usual questions (steps 3 through 5 described above) about whether a claim for lost profits is too speculative,[1] International seeks to require this court to make preliminary and necessary findings concerning:

(1) the state of mind of the International official who entered the New York settlement agreement to determine whether the settlement agreement actually made would have been made, and

(2) the likely results (more favorable settlement or less favorable settlement or more favorable decision or less favorable decision) of a New York litigation that never took place -- because it was, in fact,

---

[1] Wells Fargo Bank, N.A. v. United States, 88 F.3d 1012, 1022-23 (Fed. Cir. 1996) (lost profits based upon a particular model of likely business activity found to be "too uncertain and remote").

settled.

Both topics would take this Court far afield into areas of forensic psychology, and the prognostication of hypothetical New York legal proceedings.

International cites no case where a contractor has been found to be entitled to lost profits in connection with a contract that the contractor was -- in fact -- legally prohibited from performing. We know of no such case. Furthermore, we never expect to see any such case.

At our scheduling conference, we could discuss options other than a show-cause order to resolve this matter. In light of International's recent judicial admission, it may be that the most efficient procedure for resolving the "lost profits during option years" issue is a motion for summary judgment by the United States.

Similarly, it may be most efficient for the United States to move to dismiss the business interference tort alleged in the amended complaint. In the alternative, we may move for summary judgment regarding this claim (for lost profits on other contracts which were never awarded to International) as too speculative, as a matter of law. Rumsfeld v. Freedom NY, Inc., 329 F.3d 1320, 1333 (Fed. Cir. 2003); Wells Fargo Bank, 88 F.3d at 1022-23; Rocky Mountain Construction Co. v. United States, 218 Ct. Cl. 665, 666 (1978).

## II. The Scheduling Conference Is Needed

For reasons set forth in our motion to strike the amended complaint, the case that International seeks to present goes far beyond contract claims. International alleges national hysteria resulting from the terrorist attacks on the World Trade Center towers, and seeks to springboard from this general allegation to an equally broad challenge to all the legal proceedings initiated by the State of New York, and then to ascribe "bad faith" to the contracting officer who took notice that New York was likely to revoke International's license to perform security work.

It is burdensome and unfair to require the United States to follow International down all these legal rabbit holes when the alleged causes of action fail, as a matter of law, or fall outside the jurisdiction of this Court. At a minimum, we respectfully request that the Court require International to plead a concise complaint limited to material elements of its contract claims (if any). To the extent that International may persist in alleging tort claims or impossible claims for lost profits, we respectfully request that the Court establish appropriate briefing schedules, issue appropriate orders regarding New York court filings, and take such other action as will promote a fair and efficient proceeding.

As an initial step in this process, we respectfully request that the Court hold a scheduling conference by telephone.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

August 28, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on August 28, 2007, a copy of the foregoing "DEFENDANT’S REPLY TO PLAINTIFF’S RESPONSE TO DEFENDANT’S MOTION FOR A SCHEDULING CONFERENCE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier