IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INTERNATIONAL PROTECTIVE SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2824C |
| | ) | |
| THE UNITED STATES, | ) | (Judge Lettow) |
| | ) | |
| Defendant. | ) | |

STIPULATION FOR ENTRY OF JUDGMENT

To settle the claims asserted in the complaint and to permit the entry of final judgment on those claims, without constituting an admission of liability on the part of defendant or the plaintiff, it is stipulated and agreed between the parties:

1. In February 2002, the General Services Administration (GSA) issued schedule contract no. GS-07F-0195M to the plaintiff, International Protective Services, Inc. (International), for the performance of security guard services. Shortly thereafter, GSA issued a requirements task order to International (against the schedule contract) for security guard services at various Federal facilities in New York.

2. The schedule contract was terminated by GSA on thirty days notice, effective October 18, 2002.

3. On June 23, 2003, International submitted a certified claim to the contracting officer. In October 2003, the contracting officer issued a final decision denying the claim. In December 2003, International appealed the final decision by filing this lawsuit. In addition to claims based upon the

schedule contract and the requirements task order, the complaint sought damages based upon certain breaches of certain other contracts. Among other things, the damages alleged in the complaint included an amount premised upon an allegation that GSA had breached a contract GS-02P-94-CTD-0141 by failing to pay invoice No. 60415 (for parkas purchased for security guards).

4. The parties subsequently entered into negotiations designed to resolve all of International's claims arising from the schedule contract and/or the requirements task order, all other International claims referenced in the complaint, and any Government claims for damages arising from the schedule contract and/or the requirements task order.

5. International, through its attorney of record, has offered to settle this case in exchange for payment by the United States in the amount of $40,000, plus interest pursuant to 41 U.S.C. § 611, from June 23, 2003 until date of payment, with each party to bear its own costs, fees and expenses.

6. International's offer has been accepted on behalf of the Attorney General.

7. The United States consents to entry of judgment against the United States in favor of International as set out in paragraph 5.

8. Upon satisfaction of the terms set forth in paragraph 5, International releases, waives, and abandons all

claims against the United States, its political subdivisions, its officers, agents, and employees, arising out of or related to the schedule contract or the requirements task order or otherwise involved in this case (including all claims referenced in the complaint), regardless of whether they were expressly identified in the complaint, including, but not limited to, all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

9. Upon satisfaction of the terms set forth in paragraph 5, the United States releases, waives and abandons all claims against International arising out of or related to the schedule contract or requirements task order or otherwise involved in this case, except for fraud, regardless of whether they were included in the pleadings, including but not limited to all claims for costs, expenses, attorney fees, compensatory damages, and exemplary damages.

10. This stipulation is in no way related to or concerned with income or other taxes for which International is now liable or may become liable in the future as a result of this stipulation or as a result of entry of a final judgment.

11. International warrants and represents that no other action or suit with respect to the claims advanced in this suit is pending or will be filed in or submitted to any other court, administrative agency, or legislative body. International

further warrants and represents that it has made no assignment or transfer of all or any part of its rights arising out of or relating to the claims advanced in this suit. Should there be now or in the future any violation of these warranties and representations, any amount paid by the United States pursuant to this stipulation or pursuant to any judgment entered pursuant to this stipulation shall be refunded promptly by International, together with interest thereon at the rates provided in 41 U.S.C. § 611, computed from the date the United States makes such payment.

12. This stipulation is for the purposes of settling this case and permitting entry of final judgment, and for no other. Accordingly, this stipulation shall not bind the parties, nor shall it be cited or otherwise referred to, in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this stipulation.

13. This stipulation neither addresses nor precludes the debarment or suspension rights of any Federal agency.

14. Plaintiff's counsel represents that he has been and is authorized to enter into this stipulation on behalf of International.

15. This document constitutes a complete integration of the

stipulation between the parties and supercedes any and all prior oral or written representations, understandings or agreements among or between them.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/ Sam Gdanski
SAM GDANSKI
Gdanski & Gdanski, LLP
3 Rockwood Lane
Suffern, New York 10901
Tele: 845-362-4800
Fax: 845-368-3299

Attorney for Plaintiff

S/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

S/ James W. Poirier
JAMES W. POIRIER
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: 202-616-0856
Fax: 202-514-7969

Attorneys for Defendant

December 13, 2007

CERTIFICATE OF FILING

I hereby certify that on December 13, 2007, a copy of the foregoing "STIPULATION FOR ENTRY OF JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

S/ James W. Poirier